# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JASMIN A. LOPEZ, | \* | |
| | \* | |
| | \* | No. 17-748V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: November 19, 2025 |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

W. Anthony Stevens, Jr., Law Offices of Louis W. Flynn, Jr. And Associates, East Windsor, CT for petitioner;
Julia Marter Collison, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Jasmin A. Lopez's motion for final attorneys' fees and costs. She is awarded **$111,928.57**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I.    Procedural History

Ms. Jasmin A. Lopez alleged the influenza and/or tetanus, diphtheria, and pertussis ("Tdap") vaccines she received on October 16, 2014, caused her to suffer from transverse myelitis ("TM") and/or multiple sclerosis ("MS"). Petition ("Pet."), filed June 6, 2017.  On February 13, 2025, the parties filed a joint stipulation in which the undersigned adopted as his decision on that same day. 2025 WL 763116.

On March 5, 2025, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). The petitioner requests attorneys' fees of $81,812.00 and attorneys' costs of $35,828.06, for a total request of $117,640.06. Fees App. at 1. Petitioner warrants that she personally did not incur any costs related to the prosecution of this case. Id. at 2. On that same day, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner did not file a reply.

## II.    Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### 1.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel, Mr. W. Anthony Stevens, Jr.: $350.00 per hour for work performed in 2014, $375.00 per hour for work performed from 2015-2017, $400.00 per hour for work performed from 2018-2019, $425.00 per hour for work performed in 2020, $450.00 per hour for work performed in 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, $525.00 per hour for work performed in 2024, and $550.00 per hour for work performed in 2025. Some of these rates require adjustment.

Attorneys' fees have been previously awarded for the work Mr. Stevens performed from 2021 through 2024. See Angels v. Sec'y of Health & Human Servs., No. 22-0112V, 2025 WL 757616 (Fed. Cl. Spec. Mstr. Feb. 7, 2025). Mr. Stevens was awarded the following hourly rates: $414.00 for 2021; $427.00 for 2022; $495.00 for 2023; and $523.00 for 2024. Id. at *2.

Mr. Stevens has been licensed to practice law since 1992, placing him in the range of attorneys with 20-30 years of experience from 2014-2022, and 31+ years of experience from 2023-2025. Mr. Stevens has not had hourly rates established for his time from 2014-2020, and 2025. The undersigned will reduce Mr. Stevens' 2020 rate to $414.00 per hour, commensurate with his experience and consistent with what he was awarded in 2021. The undersigned finds that the remaining rates requested by Mr. Stevens are reasonable and will be awarded as requested. Thus, Mr. Stevens is awarded the following rates: $350.00 per hour for work performed in 2014, $375.00 per hour for work performed from 2015-2017, $400.00 per hour for work performed from 2018-2019, $414.00 per hour for work performed from 2020-2021, $427.00 per hour for work performed in 2022, $495.00 per hour for

3

work performed in 2023, $523.00 per hour for work performed in 2024, and $550.00 per hour for work performed in 2025. This results in a reduction of **$1,706.20**.[2]

### 2.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.  Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

First, there is a general issue of vagueness throughout many of the descriptions of work. Examples include the following billing entries: on November 11, 2018, Mr. Stevens billed 1.3 hours (at a paralegal rate) to "*Prepare package for expert*." Fees App. at 11. On March 29, 2022, Mr. Stevens billed 1.1 hours to "Review file/prepare records for economist & HHS." Id. at 4. Such vague entries do not adequately describe how Mr. Stevens expended his time. It would be helpful if the billing entries provided, with some specificity, the nature of what Mr. Stevens was preparing in order for the undersigned to determine whether the amount of time billed was a reasonable amount of time to expend on that preparation.

The issue of vagueness also extends to entries for communication with petitioner. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, several billing entries concerning communication do not contain any indication of the topic of that communication, (e.g., multiple entries billed for "telephone call with client" or "e-mail to client") making it difficult for the undersigned to determine whether such communication was necessary and reasonable. See Fees App., generally.

Additionally, petitioner's counsel billed for some administrative or clerical tasks. It is well known in the Vaccine Program that billing for some administrative

---

[2] ($425 - $414) x 4.0 hrs. + ($450 - $414) x 15.2 hrs. + ($475 - $427) x 20.8 hrs. + ($500 - $495) x 17.8 hrs. + ($525 - $523) x 13.8 hrs. = $1,706.20.

tasks (e.g., filing), even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as employing a secretary.  Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced.  However, a general principle to differentiate them is somewhat elusive.  To qualify as a paralegal, a person needs special training and experience.  See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

In this case, Mr. Stevens,  both at the paralegal and attorney rate, billed a significant amount of time for clerical activities.  For example, preparing evidence for filing, filing medical records, drafting and filing basic documents like a Notice of Filing or Exhibit List, scanning documents, organizing records, and copying. See e.g., Fees App. at 5-20. However, these activities do not require any special training, and are thus considered clerical tasks. To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as filing documents, are essential.  However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead.  See Pickens v. Sec'y of Health & Hum. Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the Court that a document is being filed").

Mr. Stevens has not previously been cautioned against such errant billing practices, thus, the undersigned finds that only a five percent reduction to the attorneys' fees is necessary to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). This results in an additional reduction of **$4,005.29**. Petitioner is therefore awarded final attorneys' fees of $76,100.51.

### B.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $35,828.06 in attorneys' costs. This amount is comprised of the Court's filing fee, expert finder services provided by Richard Bassin, MD, postage, and expert services provided by M. Eric Gershwin, MD, economist services provided by Roystons LLC, and life care planning services provided by Medical and Life Care Consulting, Inc. Fees App. at 22. These costs are typical of Vaccine Program litigation and have all been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $35,828.06.

## III.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$111,928.57** (representing $76,100.51 in attorneys' fees and $35,828.06 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.